IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STATE FARM FIRE & CASUALTY CO., )
                                                               ) No. 10-938
    Plaintiff,                                )

    v.

JOHN M. PARENTE and VICTORIA M.
PARENTE, husband and wife,

    Defendants.

**ORDER**

    Pending before the Court are Plaintiff's Motion for Default Judgment, and Motion for Declaratory Judgment. Plaintiff has persuaded the Court that the Motions are ripe for review, and that the action may proceed with the present parties. The proposed Orders appended to the Motions are the same. In this matter, the Clerk of Courts, upon Plaintiff's request, has entered a default as to the issues stated in the Complaint for Declaratory Judgment. Defendants were personally served with the Complaint, and have failed to respond to or otherwise defend same. This Court has subject matter jurisdiction over this case based on 28 U.S.C. § 1332, and there was valid service of process. "When a defendant fails to appear... the district court ... is authorized to enter a default judgment based solely on the fact that the default has occurred." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

    When a default judgment will be granted, the facts alleged in the complaint are presumed to be true. United States Olympic Comm. v. Tobyhanna Camp Corp., 2010 U.S. Dist. LEXIS

117650, at *6 (M.D. Pa. Nov. 4, 2010). While factual averments are deemed conceded by a default judgment, a defaulting party does not admit conclusions of law. DirecTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). Thus, I separately address Plaintiff's Motion for Declaratory Judgment.

At issue in this matter is insurance coverage for a fire at the insured premises, which was at some point, Defendants' primary residence. It is alleged that Defendants told a loans servicing company that they were abandoning the property and would no longer make mortgage payments, and that the property was vacant and unoccupied between February of 2009 and July 21, 2009, when the fire occurred. The Complaint avers that the policy at issue applies to "residence premises," where the insured "reside[s]." According to this language, "as a prerequisite for coverage under this policy, an insured must reside at that property when any loss occurs." Bell v. Allstate, 2005 U.S. Dist. LEXIS 44920, at *12 (E.D. Pa. May 21, 2005).

"Reside" means "to settle oneself or thing in a place; to be stationed; remain; stay." St. Paul Fire & Marine Ins. Co. v. Lewis, 935 F.2d 1428, 1431 (3d Cir. 1991). Under Pennsylvania law, an individual's residence for purposes of an insurance policy is his "factual place of abode," which is "a matter of physical fact." Amica Mut. Ins. Co. v. Donegal Mut. Ins. Co., 545 A.2d 343, 346 (Pa. Super. 1988). In turn, "unoccupied" means "not lived in by anybody"; "vacant" means "with no occupant or contents." Encarta Dictionary, Microsoft Word. Thus, the conceded facts establish that the insured premises were not lived in at the time of the fire.[1]

---

[1] Further, as appended to its supplemental brief, Plaintiff's records reflect that the insured informed Plaintiff that the family had moved elsewhere, was not living on the premises, and had removed personal possessions from the premises.

For these reasons, Plaintiff has established both the requirements for default judgment, and that it is entitled to the declaratory relief sought.

The Motions (Docket Nos. 3 and 9) are GRANTED.

AND NOW, this 6th day of May, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court